UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON W. LARSON, CDCR #AD2009<br><br>Plaintiff,<br><br>v.<br><br>J. ROCHA, et al.,<br><br>Defendants. | Case No.: 17cv0522-WQH-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A** |

Jon W. Larson ("Plaintiff"), a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He alleges violation of his Eighth and Fourteenth Amendment rights when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (Compl. at 3-5.) In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

**I.     Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States must satisfy a filing fee requirement. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP he remains obligated to pay the full entire fee in "increments," see Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1),(2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a prison certificate attesting to his trust account balance and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This certificate shows that Plaintiff has no available funds to his credit at the time of filing.

---

[1] In addition to the $350 statutory fee for this action, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of an IFP prisoner's case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). However, the entire $350 balance for this case must be forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

     **A.     Standard of Review**

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §§ 1915A(a), (c). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

    All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. Id.; see also Moss v. U. S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not, in so doing, "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

///

///

B.  **Plaintiff's Allegations**

Plaintiff alleges that on April 2, 2016, Defendants Rocha and Vizcarra "used excessive force, slamming Plaintiff, while handcuffed to the ground." (Compl. at 3.) He further alleges that on that same day, Defendants Cortez, Lopez and Clarion also used "excessive force by slamming Plaintiff on the ground while Plaintiff was in handcuffs." (Id.)

Later that day, Plaintiff was examined by Defendant Newman[1], a licensed vocational nurse. (Id. at 4.) Plaintiff alleges that Defendant Newman "falsified" or lessened the severity of his injuries and "heighten[ed]" the injuries of Defendants Vizcarra and Rocha in the "Medical Report of Injury or Unusual Occurrence." (Id.) In "subsequent medical examinations" of Plaintiff, he claims his injuries were "found to be a lot more severe than reported." (Id.)

On April 11, 2016, Defendant Vizcarra submitted a "CDCR Rules Violation Report" which was subjected to a "supervisory review" by Defendant Hernandez. (Id.) Plaintiff claims Defendant Hernandez "approved [the] RVR as written" and it was later classified by Defendant Anderson as a "Battery on a Peace Officer" charge. (Id.) At a later time, Defendant Paramo "declined to refer this matter to the District Attorney." (Id.)

Plaintiff was given a mental health assessment prior to his disciplinary hearing on May 23, 2016 by Defendant Hess. (Id.) Plaintiff claims that Defendant Hess violated CDCR procedures by submitting this assessment to "custody" more than sixty five (65) days after the incident. (Id. at 5.) On May 31, 2016, Defendants Hess and Altom "assessed Plaintiff's mental health" due to the fact that Plaintiff was a "participant in the developmental disability program." (Id.) However, he claims their assessment of the state of his mental health was "contradictory." (Id.) Specifically, he alleges that they

---

[1] Plaintiff describes Newman as "Defendant Newman" in his Complaint, but does not name Newman in the caption on the first page of the Complaint. (Compl. at 1, 3, 4).

initially opined that Plaintiff's behavior in the April 2 incident was "not strongly influenced by symptoms of a mental illness and/or developmental disability." (Id.) On the other hand, Defendants Hess and Altom also indicated that there was "evidence to suggest that a mental illness and/or developmental disability/cognitive or adaptive functioning deficits did contribute to the behavior that led to the RVR." (Id.)

On September 1, 2016, Defendant Baker, the Senior Hearing Officer, found Plaintiff "guilty of battery on a peace officer," despite Plaintiff's mental health assessment. (Id. at 6.) Plaintiff claims this contradicts Defendant Paramo's decision that this same charge "would not survive judicial review." (Id.) Plaintiff filed grievances regarding this disciplinary conviction that were denied by Defendant Smith at the second level of review and denied by Defendants Knight and Voong at the third level of review. (Id.)

**C.    Individual Causation**

First, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against Defendants Paramo, Pierce, Earles, Olivas, and Huyno. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." Campbell v. Wash. Dep't of Soc. Servs., 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987)). The Complaint contains no factual allegations describing what Defendants Pierce, Earles, Olivas, and Huyno did, or failed to do. The only claim Plaintiff makes as to Defendant Paramo, Warden for RJD, is the allegation that he declined to refer criminal charges against Plaintiff to the District Attorney which does not raise a constitutional violation. (See Compl. at 4.)

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)

6

(citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986)); see also Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendants Paramo, Pierce, Earles, Olivas, and Huyno because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations.

**D.     Deliberate indifference to serious medical and mental health needs**

Plaintiff has also failed to state a claim based on a denial of medical or mental health care. In order to allege a violation of the Eighth Amendment for inadequate medical care, Plaintiff must satisfy both an objective and a subjective standard. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014). Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff must plead the existence of an objectively serious medical need. McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Assuming the Complaint provides sufficient

allegations of a serious medical need, it is clear, for the following reasons, the Complaint fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference to [his] serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Gamble, 429 U.S. at 104).

Plaintiff alleges that Defendant Newman downplayed the severity of his injuries in a report but he does not claim that Defendant Newman denied him medical treatment. (See Compl. at 4.) In addition, while Plaintiff claims the mental health assessment performed by Defendants Hess and Altom was "contradictory," he does not allege that he was denied mental health treatment. (Id. at 4-5.) Plaintiff does not set forth specific allegations regarding what they failed to do which does not amount to deliberate indifference. The Complaint lacks any specific allegations that the Defendants acted with deliberate indifference to his plight by "know[ing] of and disregard[ing] an excessive risk to [his] health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557. Therefore, the Court must dismiss Plaintiff's inadequate medical and mental health care needs claims for failing to state a claim upon which relief may be granted.

**E. Disciplinary conviction**

To the extent Plaintiff challenges the validity of the disciplinary proceedings which resulted from the RVR that was issued on the ground that they violated his right to procedural due process, he fails to state a claim upon which § 1983 relief can be granted.

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus

comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Id. at 861 (quoting Sandin, 515 U.S. at 486-87). "If the hardship is sufficiently significant, then the Court must determine whether the procedures used to deprive that liberty satisfied Due Process." Id. at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that the disciplinary punishment he faced as a result of the RVR subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." Id.; Sandin, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the duration of his term of discipline, or the degree of restraint it imposed. Ramirez, 334 F.3d at 861 (quoting Sandin, 515 U.S. at 486-87). His pleading contains no "factual content that allows the court to draw the reasonable inference," Iqbal, 556 U.S. at 678, that any of the Defendants' actions "present[ed] a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." Sandin, 515 U.S. at 484-85; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Finally, to the extent Plaintiff requests damages based on an allegedly invalid disciplinary conviction that affected the length of his confinement, he cannot do so in this action. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; their remedy lies in habeas corpus instead. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the "favorable termination rule" or the "Heck bar," this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

Where "success in a ... [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (citing Heck, 512 U.S. 477).

**F.     Grievances**

Plaintiff's also fails to state a viable Section 1983 claim against Defendants Smith, Knight and Voong. The only claims against these Defendants arise from Plaintiff's allegations that they refused to consider the "merits" of Plaintiff's claims when they responded to his administrative grievances. (Compl. at 5.) However, a prison official's alleged improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. See generally Ramirez, 334 F.3d at 860 (determining that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure") (citation omitted); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that due process not violated simply because defendant fails properly to process grievances submitted for consideration); see also Shallowhorn v. Molina, 572 Fed. App'x 545, 547 (9th Cir. 2014) (holding that the district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing Ramirez, 334 F.3d at 860).

Here, the Court finds that Plaintiff's allegations against Defendants Smith, Knight, and Voong are insufficient to state a plausible due process claim. See Iqbal, 556 U.S. at 680-84 (citations omitted).

**G.     Excessive Force**

As for the remaining Eighth Amendment excessive force claims against Defendants Rocha, Vizcarra, Cortes, Lopez, and Clarion, the Court finds these allegations

sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

### III. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his excessive force claims against the named Defendants; or (2) file an amended pleading correcting the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his excessive force claims only, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC and dismiss the remaining claims and defendants.

### IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 7).

2. **DISMISSES** all of Plaintiff's claims, with the exception of Plaintiff's Eighth Amendment excessive force claims against Defendants Rocha, Vizcarra, Cortes, Lopez and Clarion, for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with excessive force claims only; or (2) File an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his

original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

4. The Clerk of Court is directed to mail a court approved civil rights complaint form for his use in amending.

Dated: May 5, 2017

*[signature]*
Hon. William Q. Hayes
United States District Court